# EXHIBIT

# B

8/28/2019 2:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36357070
By: Shaniece Richardson
Filed: 8/28/2019 2:25 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **STEPHAN AND KATHLEEN RIPP,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**
**EXPEDITED ACTION UNDER TRCP 169**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEPHAN AND KATHLEEN RIPP (herein "Plaintiff"), who files this, its Original Petition and Requests for Disclosure, against OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA (herein "Defendant") and for cause of action would respectfully show the court as follows:

**I.**

**Preliminary Information and Definitions**

1. Insured:          STEPHAN AND KATHLEEN RIPP (herein "Plaintiff")

   Policy Number:    TXH109907400 (herein "Policy")

   Claim Number:     099074372604 (herein "Claim" or "Claim Number")

   Date of Loss:     8/28/2017 (herein "Date of Loss")

   Insured Property: 7 GREENWAY VIEW TRAIL, KINGWOOD, TX 77339

                     (herein "Property" or "Insured Property")

   Insurer:          OCCIDENTAL FIRE & CASUALTY COMPANYOF NORTH CAROLINA

                     (herein "Defendant")

                     Defendant's Attorney for Service is: CT CORPORATION SYSTEM

                     1999 BRYAN STREET, STE. 900, DALLAS, TX 75201-3136

## II.

### Discovery Control Plan

2.  Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## III.

### Request for Expedited Trial Date

3.  Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.

### Parties

4.  Plaintiff is an individual who resides in Texas.

5.  Defendant is a Texas "Domestic" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

## V.

### Jurisdiction

6.  The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks over $200,000, but not more than $100,000,000.

7.  The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## VI.

### Venue

8.  Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas and/or the contract was signed in HARRIS County, Texas. TEX. CIV. PRAC. & REM. CODE. §

15.032

## VII.

## Facts

9.  Plaintiff was the owner of the Policy issued by Defendant.  Plaintiff owns the insured property.

10. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses.

11. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

12. Defendant assigned a Claim Number to Plaintiff's claim.

13. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

14. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

15. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy.  Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff.  Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

16. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

Certified Document Number: 86886381 - Page 3 of 18

17. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

18. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

19. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(4).

20. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

21. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.055.

22. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt*

*Payment of Claims Act.* TEX. INS. CODE § 542.056.

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

25. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

26. Plaintiffs experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VIII.

## Causes of Action:

27. Plaintiff incorporates Paragraphs 1 to 26 by reference.

## COUNT 1:

## Breach and Anticipatory Breach of Contract

28. Defendant 's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff.  Plaintiff anticipates that Defendant will continue in such breaches of contract.

29. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff.  Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

30. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

31. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

32. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

36. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

37. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

38. Defendant's delay of payment of Plaintiffs claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

## Breach of the Duty of Good Faith and Fair Dealing

39. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.  See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.

40. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable

Certified Document Number: 86886381 - Page 7 of 18

diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy.

## COUNT 3:

### Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

41. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

42. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

43. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

a.   Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b.   Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.   Advertising goods or services with intent not to sell them as advertised;

d.   Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

e.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

g.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h.    Engaging in an unconscionable course of conduct.

<u>**COUNT 4:**</u>

<u>**Violations of Texas Prompt Payment of Claims Act:**</u>

<u>**Texas Insurance Code, Chapter 542:**</u>

<u>**Strict Liability with No Good Faith Exception**</u>

44. Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act*.

45. As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act*. TEX. INS. CODE § 542.051-542.061.

46. As described above, Defendant failed to perform one or more of the following duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:[1]

a.    Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). See *Dunn v. Southern Farm Bur. Cas. Ins. Co.*, 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

---

[1] TEX. INS. CODE § 542.055(a)

b.   Record the acknowledgement.  Defendant failed to make a record of the date, means, and content of the acknowledgement.  TEX. INS. CODE § 542.055(c);

c.   Commence the investigation.  Defendant failed to make commence a reasonable investigation of the claim.  TEX. INS. CODE § 542.055(a)(2); and/or

d.   Request information from the claimant.  Defendant failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff.  TEX. INS. CODE § 542.055(a)(3).

47. As described above, Defendant failed to perform one or more of the following duties after Defendant received all items, statements, and forms reasonable required by the Plaintiff:

a.   Accept of reject the claim.  Defendant failed to notify Plaintiff by the 15th "business day" that Defendant either accepts or rejects the claim.[23]  TEX. INS. CODE § 542.056(d);

b.   State reasons for any rejection.  Defendant failed to notify Plaintiff of any reasons for denying such claim.  TEX. INS. CODE § 542.056(c);

c.   Ask for more time and tell why it is needed.  Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time.  TEX. INS. CODE § 542.056(d);

d.   Pay the claim after accepting.  Defendant failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer.  TEX. INS. CODE § 542.057(a),(c);

e.   Pay the claim after the claimant performs any condition.  If Defendant sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

---

[2] Defendant has not indicated it suspects arson thus allowing 30 days. TEX. INS. CODE § 542.056(b)
[3] Defendant has not sought a 45 day extension.  TEX. INS. CODE § 542.056(d)

Certified Document Number: 86886381 - Page 10 of 18

f.    Pay the claim within 60 days after receipt of information.  Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff.  TEX. INS. CODE § 542.058(a).

## COUNT 5:

### Unfair Insurance Practices:

### Texas Insurance Code, Chapter 541

48. Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

49. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[4]:

a.    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

   i.    with respect to which the Defendant's liability has become reasonably clear; or

   ii.   a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.    failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d.    failing within a reasonable time to:

   i.    affirm or deny coverage of a claim to Plaintiff;

_____

[4] TEX. INS. CODE § 541.060

     ii.      submit a reservation of rights to a Plaintiff;

   e.      refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

   f.      undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

   g.      requiring Plaintiff, as a condition of settling a claim, to produce Plaintiff's federal income tax returns for examination or investigation.

50. Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[5]:

   a.      misrepresentations and false advertising of policy contracts;

   b.      false information and advertising generally;

   c.      defamation of insurers or persons engaged in the business of insurance;

   d.      boycott, coercion, and intimidation in the business of insurance;

   e.      false financial statements;

   f.      stock operations and advisory board contracts;

   g.      unfair discrimination;

   h.      rebates;

---

[5] TEX. INS. CODE § 541.151

i.      deceptive names, words, symbols, devises, and slogans; and/or

j.      misrepresentation of the insurance policies;

51. Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff[6]:

a.      making an untrue statement of material fact;

b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c.      making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

d.      making a material misstatement of law; and/or

e.      failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

## COUNT 6:

### Fraud

52. Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, have been injured.

53. Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or

---

[6] TEX. INS. CODE § 541.061

omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, have been injured.

54. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

<u>**COUNT 7:**</u>

<u>**Ongoing Conspiracy to Commit Illegal Acts**</u>

55. Defendant was a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff.  Defendant, by and through their agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim, and Plaintiff having relied upon such conduct has been injured.

56. Defendant, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct has been injured.

57. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

IX.

**Damages and Prayer**

58. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

a.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b.      For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c.      For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.      For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the

principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied).  Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997).  Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.   For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.   For fraud, Plaintiff seeks damages for breach of contract.  *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e).  Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury.  TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g.   For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h.   Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law.  If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $450 an hour.  See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex.

App.—Austin 1994, writ denied).  Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee.  The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i.      Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders.  In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded.  Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## X.

## RESERVATION OF APPRAISAL RIGHTS

59. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

## XI.

## AFFIRMATIVE DEFENSES

60. *Waiver.*  Defendant has waived certain policy conditions, duties imposed on the Plaintiff, and terms of coverage of the insurance policy at issue.

61. *Contra Proferuntum.*  Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

## X.

## JURY DEMAND

62. Plaintiff respectfully demands a trial by jury and remits such fee.

## XI.

## <u>PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT</u>

63. Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of service of this request, the

information or material described in Rule 194.2.

64. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all

documents, electronic information, and tangible items that the Defendant has in its possession, custody, or

control and may use to support Defendant's claims or defenses.


Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>February 25, 2020</u>

Certified Document Number:        <u>86886381 Total Pages:  18</u>

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## <u>INTERROGATORIES</u>

1. Please identify any person you expect to call to testify at the time of trial.

ANSWER:

2. Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage during the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

3. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

4. Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

ANSWER:

5. State the following concerning notice of claim and timing of payment:
a. The date and manner in which you received notice of the claim
b. The date and manner in which you acknowledged receipt of the claim
c. The date and manner in which you commenced investigation of the claim
d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant

e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

6. Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

ANSWER:

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of The claim subject of this suit.

ANSWER:

9. When was the date you anticipated litigation?

ANSWER:

10. From the last three years, what documents (including those maintained electronically) relating to the investigation or handling of a claim for insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

ANSWER:

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER:

12. Do you contend that the insured premises was damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

ANSWER:

13. Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

ANSWER:

14. Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

ANSWER:

15. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:
a. what performance measures are used
b. describe your bonus or incentive plan for adjusters

ANSWER:

16. Are you claiming that you are entitled to attorney fees or costs associated with the underlying lawsuit?  If so, state the following:
a. what is the total amount of attorney fees incurred?
b. what is the total amount of attorney fees expected to be incurred?
c. what is the total amount of costs incurred?
d. what is the total amount of costs expected to be incurred?
e. what is your attorney's hourly rates?

ANSWER:



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886382 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## EXHIBIT "B"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

### I.
### DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of The claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit or costs associated with the lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses, and all documentation regarding costs incurred or to be incurred.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last three years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. The adjusting reports, estimates, and appraisals prepared concerning Plaintiff's underlying claim

RESPONSE:

7. The engineering reports, estimates, and appraisals prepared concerning Plaintiff's underlying claim

RESPONSE:

8. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

9. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

10. The documents reflecting reserves applied to the subject claim.

RESPONSE:

11. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

12. For the last five years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

13. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

14. For the last five yours, your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors.

RESPONSE:

15. Produce the following documents and tangible things which relate to the Policy, insurance claims, property damage, or repairs made the subject matter of this lawsuit:

      A.     All communications between you and any third-party;

B.   All communications (including but not limited to e-mail, correspondence and facsimiles) between you and the insurance agent of the policy subject to this lawsuit;

C.   All documentation (including diaries, notebooks, and memos) of conversations from the Defendant, its agents, adjusters, independent adjusters, investigators, engineers, or attorneys;

D.   All photographs, electronic recordings, or videotape recordings of the Defendant, its adjusters, independent adjusters, investigators, engineers, or attorneys;

E.   All written statements of the Defendant, its adjusters, independent adjusters, investigators, engineers or attorneys;

F.   All written agreements between you and any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

G.   All communications between you and any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

H.   All reports provided to you by any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

I.   All estimates, bids, invoices, billing statements, and payment records (including canceled checks) for goods or services provided to you by any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

J.   All contract documents, estimates and bid proposals, plans and specifications, and change orders, relating to construction, repair, replacement or maintenance of the property damage made the basis of this lawsuit;

K.   All photographs or videotapes of the Dwelling, grounds, units, Personal Property, surrounding area, or other any other structures which may be used at trial.

L.   All documents which you contend you provided to Plaintiff or its adjusters during the insurance claim process.

M.   All Personal Property inventories, and all receipts, invoices, photos, and other records that describe the damaged Personal Property or its condition, value or replacement cost.

RESPONSE:



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886383 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

## EXHIBIT "C"
## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

## I.
## DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.     PLAINTIFF received a copy of DEFENDANT's estimate of damage from the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

2.     PLAINTIFF received DEFENDANT's payment of policy benefit for the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

3.     PLAINTIFF has communicated with DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

4.     PLAINTIFF has communicated with any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

5.     PLAINTIFF contacted DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

6.     PLAINTIFF contacted any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

7.      DEFENDANT denied PLAINTIFF'S claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

8.      PLAINTIFF was insured by DEFENDANT during the date of loss for PLAINTIFF'S claim subject to this lawsuit.

ANSWER:

9.      DEFENDANT paid a portion of PLAINTIFF'S claim subject to this lawsuit.

ANSWER:



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886384 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**EXHIBIT "D"**
**PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO**
**§ 541.161 OF THE TEXAS INSURANCE CODE AND**
**§ 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE**
**AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION**

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

**I.**
**SUMMARY OF THE CASE**

1.      This is a lawsuit regarding damage to an insured property.

2.      Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

**II.**
**ISSUE PRESENTED**

3.      At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

**III.**
**MOTION TO COMPEL MEDIATION**

4.      To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.      Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.      Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Federal Rules.  Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.

Certified Document Number: 86886385 - Page 1 of 3

7.    Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

## IV.
## BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

8.    § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section.  **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.    § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:

> (1) the parties agree otherwise;  or

> (2) the court determines that additional time not to exceed 30 days is warranted.

10.   Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V.
## PRAYER

11.   For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

DICK LAW FIRM, PLLC

By: _____

Eric Dick, LL.M.
TBN: 24064316
FIN: 1082959
3701 Brookwoods Drive;
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 86886385 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886385 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

## EXHIBIT "D-1"
## TEXAS INSURANCE CODE § 541.161

§ 541.161. MEDIATION.  (a) A party may, not later than the

90th day after the date a pleading seeking relief under this

subchapter is served, file a motion to compel mediation of the

dispute in the manner provided by this section.

> (b)  The court shall, not later than the 30th day after the

date a motion under this section is filed, sign an order setting the

time and place of the mediation.

> (c)  The court shall appoint a mediator if the parties do not

agree on a mediator.

> (d)  The mediation must be held not later than the 30th day

after the date the order is signed, unless:

> > (1)  the parties agree otherwise;  or

> > (2)  the court determines that additional time not to

exceed 30 days is warranted.

> (e)  Each party who has appeared in the action, except as

agreed to by all parties who have appeared, shall:

> > (1)  participate in the mediation;  and

> > (2)  except as provided by Subsection (f), share the

mediation fee.

> (f)  A party may not compel mediation under this section if

the amount of actual damages claimed is less than $15,000 unless the

party seeking to compel mediation agrees to pay the costs of the

mediation.

> (g)  Except as provided by this section, the following apply

to the appointment of a mediator and the mediation process provided

by this section:

              (1)  Section 154.023, Civil Practice and Remedies Code;

and

              (2)  Subchapters C and D, Chapter 154, Civil Practice

and Remedies Code.


     Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886386 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## EXHIBIT "D-2"
## TEXAS BUSINESS AND COMMERCE CODE § 17.5051

Sec. 17.5051.  MEDIATION.  (a)  A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)  The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)  If the parties do not agree on a mediator, the court shall appoint the mediator.

(d)  Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e)  Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f)  A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)  Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h)  This section does not apply to an action brought by the attorney general under Section 17.47.

Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

Certified Document Number: 86886388 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886388 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## Exhibit "E"
## DESIGNATION OF EXPERT WITNESSES

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

### I.

Plaintiff may call the following experts who are not retained:

1.  RAY CHOATE
    541 COUNTY ROAD 4106
    CRANDALL, TX 75114
    *Graduate Master Builder/Public Adjuster/Appraiser*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause, and value of Plaintiff's property and similar property.  They may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim.  Said experts will base opinions on their respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.

1.  ERIC DICK, LLM
    DICK LAW FIRM, PLLC
    3701 Brookwoods Drive
    Houston, Texas 77092
    Phone # 832-207-2007
    Fax # 713-893-6931
    www.dicklawfirm.com

Mr. Dick may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit.  Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims.  The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

College:            Thomas M. Cooley
Degree:             Juris Doctorate
Distinctions:       Cum Laude
College:            University of Alabama
Degree:             Masters of Laws and Letters
Notable information:  Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
Texas Bar #24064316

Dick Law Firm
3701 Brookwoods Drive;
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile

Certified Document Number: 86886389 - Page 3 of 3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        86886389 Total Pages:   3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Case No.  201961024

| | | |
|---|---|---|
| RIPP, STEPHAN | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| OCCIDENTAL FIRE & CASUALTY INS | * | 157th JUDICIAL DISTRICT |

## NOTICE OF INTENT TO DISMISS - NO ANSWER FILED

To All Counsel and Pro Se Parties:

     Court records indicate that this case is eligible for dismissal for want of prosecution because no answer has been filed in this case. The case will be **DISMISSED FOR WANT OF PROSECUTION**, unless one of the following actions is taken by **02-11-2020.**

     1. You file and have heard, by oral hearing or written submission, a meritorious motion for default judgment (addition instructions on the back); or,
     2. An answer is filed; or,

If neither of the above has been done, then you must file a verified motion to retain, showing good cause to retain the case or diligence in prosecution to avoid dismissal, and appear at the oral hearing, to be held at the Harris County Civil Courthouse, 201 Caroline, Houston, Texas 77002, on **02-11-2020** at **08:30 AM**.

If you file a verified motion to retain, you must appear for the oral hearing unless otherwise advised. Failure to appear at the oral hearing will result in the case being **DISMISSED FOR WANT OF PROSECUTION**. If you have any questions regarding this notice, please contact the court coordinator,BARBARA CONLEY at (832) 927-2410.

Thank you for your prompt attention to this matter.

TANYA GARRISON
JUDGE, 157TH DISTRICT COURT
Generated on: 1/6/2020

24064316

ERIC B. DICK
3701 BROOKWOODS DRIVE
HOUSTON, TX 77092

Certified Document Number: 88791957 - Page 1 of 2

JCVF6A

## NOTICE REGARDING NON-MILITARY AFFIDAVIT

If you file a Motion for Default Judgment, you must comply with the requirements of 50 U.S.C. App. §521, Section 201.

The requirements for the non-military affidavit are now more detailed.

You are required to state facts to support whatever you assert in the affidavit.

**READ THE FEDERAL STATUTE.**

A non-complying Motion for Default Judgment will not be granted and will not be sufficient to avoid dismissal for want of prosecution.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        88791957 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/3/2020 6:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40521088
By: LISA COOPER
Filed: 2/3/2020 6:46 PM

## CAUSE NO. <u>201961024</u>

| | | |
|---|---|---|
| **STEPHEN RIPP,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **157TH JUDICIAL DISTRICT** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **INSURANCE,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S VERIFIED MOTION <br> <u>TO RETAIN CASE ON DOCKET</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COMES NOW** Plaintiff, STEPHEN RIPP, Movant herein, and bring this Verified Motion to Retain Case on Docket, and in support thereof, show the court the following:

### I.

On February 11, 2020, the court will dismiss this case for want of prosecution.

### II.

Plaintiff files this motion while the case is still on the court's docket.

### III.

      The act or omission resulting in the notice of dismissal was not intentional or the result of conscious indifference but was due to an accident or mistake.  Specifically, Plaintiff invoked the appraisal provision of the insurance policy to assess the amount of loss to Plaintiff's property. Because Defendant had not responded to Plaintiff's invocation, Plaintiff filed the present suit to force Defendant to comply with the policy.  After Plaintiff filed suit, Defendant agreed to engage in the appraisal process.  Plaintiff is currently working to serve the citation and petition on Defendant.  Because the parties are now engaged in the appraisal process, Plaintiff would seek to abate the matter (after Defendant files its answer) pending completion of the appraisal process in

Certified Document Number: 8923800 - Page 1 of 3

the event that the Defendant disputes the appraisal award.  In that instance, Plaintiff will be prepared to place the matter back on the active trial docket and proceed towards trial.

IV.

Plaintiff is diligently asserting a good-faith effort toward serving Defendant, and to dismiss this case would prejudice him.

V.

Attached to this motion is the affidavit of Eric B. Dick, attorney for Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this cause will be retained on the docket, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

*/s/ Eric B. Dick*
Eric B. Dick, LL.M.
TBN: 24064316
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(844) 447-3234 Office
eric@dicklawfirm.com
www.dicklawfirm.com

**CERTIFICATE OF SERVICE**

I certify that in accordance with the Texas Rules of Civil Procedure I served a true and correct copy of the above on the parties of record. This service was made in a manner appropriate under Texas Rules of Civil Procedure.

**/s/ Eric B. Dick**
Eric Dick
TBN: 24064316

Certified Document Number: 8923800 - Page 3 of 3

### AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared ERIC B. DICK, known to me to be the person whose name is subscribed to the following instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

1.     My name is Eric B. Dick. I am over the age of twenty-one (21) and am capable of making this Affidavit. The facts stated in the above motion are within my personal knowledge and are true and correct.

2.     Further Affiant Sayeth Not.

By: _____
      Eric B. Dick, LL.M.
      TBN: 24064316

SWORN AND SUBSCRIBED BEFORE ME on this February 3, 2020

_____
Notary Public in the State of Texas

My Commission Expires:

(SEAL)



KAREN A MULLINAX
Notary ID #4934806
My Commission Expires
October 20, 2023

3



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:      89238005 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/3/2020 6:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40521088
By: LISA COOPER
Filed: 2/3/2020 6:46 PM

## CAUSE NO. <u>201961024</u>

| | | |
|---|---|---|
| **STEPHEN RIPP,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **157TH JUDICIAL DISTRICT** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **INSURANCE,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

## ORDER GRANTING PLAINTIFFS' MOTION
## <u>TO RETAIN CASE ON DOCKET</u>

On this day, the Court considered Plaintiffs' Motion to Retain Case on Docket and after

reviewing the evidence and hearing the arguments of counsel, finds that the Motion should be

**GRANTED**.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Retain Case on Docket is

GRANTED, and the above-styled and numbered cause be retained on the court's docket, and that

counsel of record for the parties be notified of this action.


**SIGNED** on _____, 2020.


_____

JUDGE PRESIDING


**APPROVED AS TO FORM ONLY**:

_____
Eric B. Dick, LL.M.
SBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(844) 447-3234 Telephone
eric@dicklawfirm.com

Certified Document Number: 89238007 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 25, 2020

Certified Document Number:        89238007 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/3/2020 6:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40521088
By: LISA COOPER
Filed: 2/3/2020 6:46 PM

CAUSE NO. **201961024**

| | | |
|---|---|---|
| **STEPHEN RIPP,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **157TH JUDICIAL DISTRICT** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **INSURANCE,** | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

**ORDER GRANTING PLAINTIFFS' MOTION**
**TO RETAIN CASE ON DOCKET**

On this day, the Court considered Plaintiffs' Motion to Retain Case on Docket and after reviewing the evidence and hearing the arguments of counsel, finds that the Motion should be **GRANTED**.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Retain Case on Docket is GRANTED, and the above-styled and numbered cause be retained on the court's docket, and that counsel of record for the parties be notified of this action.

**SIGNED** on _____, 2020.

Signed:
2/5/2020

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY**:

_____
Eric B. Dick, LL.M.
SBN: 24064316
**DICK LAW FIRM, PLLC**
3701 Brookwoods Dr.
Houston, Texas 77092
(844) 447-3234 Telephone
eric@dicklawfirm.com

Certified Document Number: 89300657 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 25, 2020

Certified Document Number:        89300657 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case 4:20-cv-00696   Document 1-2   Filed on 02/27/20 in TXSD   Page 59 of 65

2/24/2020 9:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41073969
By: Kevin Childs
Filed: 2/24/2020 9:09 AM

CAUSE NO. 2019-61024

| | | |
|---|---|---|
| STEPHAN AND KATHLEEN RIPP | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 157TH DISTRICT |
| | § | |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## DEFENDANT OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause and makes and files this, its Original Answer and in reply to Plaintiffs' Petition, and for such answer and would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

Certified Document Number: 89569903 - Page 1 of 3

under the Texas Insurance Code and Texas Business & Commerce Code.   TEX. INS. CODE § 541.161(b).

4.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

5.

Requests for Disclosure

At the time required by law or the Rules, these Defendant request the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: /s/ Mikell A. West
       Mikell A. West
       State Bar No. 24070832

RIPP/OCCIDENTAL – DOA - PAGE **2** OF 3

Attorney for Defendant Occidental Fire and
Casualty Company of North Carolina

## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 24th day of February, 2020, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Eric Dick
Dick Law Firm, PLLC
Email: eric@dicklawfirm.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 25, 2020

Certified Document Number:        89569903 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/24/2020 9:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41073969
By: Kevin Childs
Filed: 2/24/2020 9:09 AM

CAUSE NO. 2019-61024

| | | |
|---|---|---|
| STEPHAN AND KATHLEEN RIPP | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 157TH DISTRICT |
| | § | |
| OCCIDENTAL FIRE AND CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury and hereby deposits its Forty Dollar ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
　　Mikell A. West
　　State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

Certified Document Number: 89569904 - Page 1 of 2

## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 24th day of February, 2020, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Eric Dick
Dick Law Firm, PLLC
Email: eric@dicklawfirm.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

Certified Document Number: 89569904 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    February 25, 2020

Certified Document Number:      89569904 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**